

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2833
Re: Examining trial fees of county
officers under facts stated.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"A defendant in Hamilton County burglarized
a house and stole some wool. Examining trial
was had for both burglary and theft. The grand
jury returned one indictment against the defen-
dant, making two separate counts in the indict-
ment; one for burglary and one for theft of wool.
On trial of the case the count for burglary was
abandoned and the defendant was convicted on the
count of theft and given a ninety-day jail sentence.

"Are the following peace officers: county
attorney, justice of the peace, and sheriff en-
titled to their examining trial fees on the count
of burglary?

"Could the defendant be tried at a later
date on the count of burglary which would entitle
the district clerk and sheriff to district court
fees?"

Article 1019, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"If the defendant is indicted for a felony
and upon conviction his punishment is by fine or
confinement in the county jail, or by both such
fine and confinement in the county jail or con-
victed of a misdemeanor, no costs shall be paid
by the State to any officer. All costs in such
cases shall be taxed, assessed and collected as
in misdemeanor cases."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2


Article 1019a, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"In all felony cases where any officer is
allowed fees payable by the State for services
performed either before or after indictment, in-
cluding examining trials before magistrates and
habeas corpus proceedings, no officer shall be
entitled to fees in more than five cases against
the same defendant; provided, however, that
where defendants are indicted and tried separate-
ly after severance of their cases, said officers
shall be entitled to fees in five cases against
each of said defendants, the same as if indicted
and tried separately for separate offenses; pro-
vided further, that cases in which the same de-
fendant has previously been indicted, tried, and
convicted prior to the date of any act or acts
for which said defendant is again apprehended,
indicted, and/or tried shall not be computed in
determining the number of cases against such de-
fendant in which such officers are entitled to
collect fees."

Article 1020, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"In each case where a County Judge or a
Justice of the Peace shall sit as an examining
court in a felony case, they shall be entitled to
the same fees allowed by law for similar services
in misdemeanor cases to Justices of the Peace, and
ten cents for each one hundred words for writing
down the testimony, to be paid by the State, not
to exceed Three and no/100 ($3.00) Dollars, for all his
services in any one case.

"Sheriffs and Constables serving process and
attending any examining court in the examination
of any felony case, shall be entitled to such fees
as are fixed by law for similar services in mis-
demeanor cases in County Court to be paid by the
State, not to exceed Four and no/100 ($4.00) Dol-
lars in any one case, and mileage actually and
necessarily traveled in going to the place of ar-
rest, and for conveying the prisoner or prisoners
to jail as provided in Articles 1029 and 1930, Code
of Criminal Procedure, as the facts may be, but no
mileage whatever shall be paid for summoning or

Honorable George H. Sheppard, Page 3

attaching witnesses in the county where case is pending. Provided no sheriff or constable shall receive from the State any additional mileage for any subsequent arrest of a defendant in the same case, or in any other case in an examining court or in any district court based upon the same charge or upon the same criminal act, or growing out of the same criminal transaction, whether the arrest is made with or without a warrant, or before or after indictment, and in no event shall he be allowed to duplicate his fees for mileage for making arrests, with or without warrant, or when two or more warrants of arrest or capiases are served or could have been served on the same defendant on any one day.

"District and County Attorneys, for attending and prosecuting any felony case before an examining court, shall be entitled to a fee of Five and no/100 ($5.00) Dollars, to be paid by the State for each case prosecuted by him before such court. Such fee shall not be paid except in cases where the testimony of the material witnesses to the transaction shall be reduced to writing, subscribed and sworn to by said witnesses; and provided further that such written testimony of all material witnesses to the transaction shall be delivered to the District Clerk under seal, who shall deliver the same to the foreman of the grand jury and take his receipt therefor. Such foreman shall, on or before the adjournment of the grand jury, return the same to the clerk who shall receipt him and shall keep said testimony in the files of his office for a period of five years.

"The fees mentioned in this Article shall become due and payable only after the indictment of the defendant for an offense based upon or growing out of the charge filed in the examining court and upon an itemized account, sworn to by the officers claiming such fees, approved by the Judge of the District Court, and said county or District Attorney shall present to the District Judge the testimony transcribed in the examining trial, who shall examine the same and certify that he has done so and that he finds the testi-

Honorable George H. Sheppard, Page 4

mony of one or more witnesses to be material; and provided further that a certificate from the District Clerk, showing that the written testimony of the material witnesses has been filed with said District Clerk, in accordance with the preceding paragraph, shall be attached to said account before such District or County Attorney shall be entitled to a fee in any felony case for services performed before an examining court.

"Only one fee shall be allowed to any officer mentioned herein for services rendered in an examining trial, though more than one defendant is joined in the complaint, or a severance is had. When defendants are proceeded against separately, who could have been proceeded against jointly, but one fee shall be allowed in all cases that could have been so joined. No more than one fee shall be allowed to any officer where more than one case is filed against the same defendant for offenses growing out of the same criminal act or transaction. The account of the officer and the approval of the District Judge must affirmatively show that the provisions of this Article have been complied with."

Article 1027, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State shall pay no fees to any officer, except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court. Provided the provisions of this Article shall not be construed as affecting in any way the provisions of Article 1019, Code of Criminal Procedure, as amended by Chapter 205, General Laws, Regular Session, Forty-second Legislature; Provided this shall not apply to examining trial fees to County Attorneys and/or Criminal District Attorneys."

This department held in an opinion written by Honorable A.R. Stout, Assistant Attorney General, dated November 23, 1933, recorded in Vol. 352, pages 78-83, inclusive, Letter Opinions of the Attorney General of Texas, as follows:

"(1). County attorneys ..... are entitled to their examining trial fees, after indictment, in all felony cases, assuming that their accounts are correct and duly approved.

"(2). In all murder cases, and other felony cases, where the only punishment that can be assessed is a sentence in the penitentiary, the officers are entitled to their fees, after indictment, just as they have been in the past.

"(3). In all cases, however, where a defendant is indicted for a felony, but under the law for which he has been indicted, he may be convicted of a misdemeanor, or the punishment assessed against him may be a fine or both fine and jail sentence, that is, less than a felony, the State may not pay any money to the magistrate, clerk or peace officer for their services rendered in the examining trial of such cases, until the same have first been finally disposed of in the trial court."

The above opinion was written prior to the passage of the Officers' Salary Law and applied to officers operating under the fee system.

We understand that Hamilton County, Texas, operates under the fee system.

Sections 111, 112 and 113, Burglary, 7 Texas Jurisprudence, pages 869, 870 and 871, read as follows:

"§111. Punishability of Burglary and Other Offense also - Statutes. - According to the rule of the common law, the offenses of burglary and theft, if committed by the same transaction, are merged; and hence a prosecution for one is held to be a bar to a prosecution for the other. This rule has been abrogated in Texas.

"'If a house be entered in such manner as to be burglary, and the one

Honorable George H. Sheppard, Page 6

guilty of such burglary shall after such entry commit any other offense, he shall be punished for burglary and also for whatever other offense is so committed.'

"'If the burglary was affected for the purpose of committing one felony, and the one guilty thereof shall while in the house commit another felony, he shall be punishable for any felony so committed as well as for the burglary.'

"¶112. Second Prosecution. - Within the purview of the rule that a person may not lawfully be tried a second time for the same offense, the crimes of burglary and theft, although arising out of a single transaction, are separate and distinct. Under independent indictments convictions may be had for both crimes. A conviction of theft does not bar a subsequent prosecution for the burglary; and a previous prosecution for burglary does not prevent a prosecution for theft of property alleged to have been stolen in the same transaction. The entry is one offense, and any offense committed thereafter may be prosecuted as another crime. Where it appears that the defendant assaulted the occupant of the house and then burglarized the building, a prosecution for assault with intent to commit burglary is not barred by a former conviction of burglary. Again an acquittal of a charge of burglary with intent to commit rape is no bar to a subsequent prosecution for assault with intent to commit rape; and a former acquittal of attempt to commit rape is not a bar to a subsequent prosecution for an attempt to commit burglary with intent to rape.

"In a prosecution for receiving stolen goods, a plea of former jeopardy based on a previous acquittal of a charge of burglary is properly stricken out.

"¶113. Joinder of Burglary and Offense Committed After Entry. - While two distinct offenses may not ordinarily be charged in the same count of an indictment, an exception exists where burglary and theft are charged in the same count. And if either offense has been properly alleged and proved, a conviction of that offense is sustainable.

Honorable George H. Sheppard, Page 7

> However, it is improper to assess punishment
> for both offenses in a single judgment."
> (Underscoring ours)

The case of Park vs. State, 179 SW 1152, holds among other things, that under <u>independent indictments</u> convictions may be had for both burglary and theft growing out of the same transaction.

In the matter under consideration here there was only one case docketed by the District Clerk in the District Court against the defendant. The "case" or indictment consisted of two counts, one count charging burglary and the other charging theft. It is true that separate indictments could have been returned by the grand jury and two cases, bearing separate district court docket numbers, could have been filed against the defendant, but this was not done.

In answer to your first question you are respectfully advised as follows:

(a) Article 1027, V.A.T.C.C.P., supra, does not affect the fees of the county attorney, and under the facts stated the county attorney is entitled to one examining trial fee, assuming that his account is correct and duly approved.

(b) Article 1027, V.A.T.C.C.P., supra, applies to the justice of the peace and sheriff, and they are not entitled to any examining trial fee from the State under the facts stated although one feature or count of the case charged a felony, to-wit, burglary, which was not a reducible offense and was abandoned, because the entire "case" was finally disposed of and resulted in the conviction of defendant and his punishment was assessed at a ninety-day jail sentence. Article 1019, V.A.T.C.C.P., supra, applies thereto, and the sheriff and justice of the peace must collect or attempt to collect their fees by the method outlined by Article 1019, supra.

It is our opinion that your second question is

Honorable George H. Sheppard, Page 8

speculative and premature and should not be answered by this department at this time.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW

